IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS -
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEXIS ALEX and NICOLETTE PRIETO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>KHG OF SAN ANTONIO, L.L.C. D/B/A TIFFANY'S CABARET,<br><br>Defendant. | CIVIL ACTION NO. 13-728<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.  Plaintiffs are hourly paid exotic dancers at Defendant's gentlemen's club Tiffany's Cabaret.  Defendant violated the FLSA by failing to compensate the Plaintiffs for all hours worked.  That is, Plaintiffs work more than forty hours a week on average.  However, Defendant pays Plaintiffs for well below half of their hours worked and no pay at the premium hourly rate for overtime hours worked over forty in a workweek.  As a result, Plaintiffs now bring this Collective Action to recover minimum wages and overtime wrongfully denied as a result of the "off the clock" work required of them by Defendant.

3.      Furthermore, Plaintiffs receive tips at Defendant's establishment. Defendant does not take a tip credit against Plaintiffs' hourly rate. However, Defendant required Plaintiffs and Class Members to turn over their tips to other employees including but not limited to the "house mom," bouncer, DJ, and to the Defendant itself as a "house fee." The Department of Labor ("DOL") has made clear that "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit. The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer. For example, even where a tipped employee receives at least $7.25 per hour in wages directly from the employer, the employee may not be required to turn over his or her tips to the employer."[1] In other words, an employer can only require that an employee turnover its tips under two scenarios: (a) as a credit against its minimum wage obligations to the employee, or (b) in furtherance of a valid tip pool. Defendant does not take a tip credit against Plaintiffs' hourly wages. Defendant's tip pool is invalid as it requires Plaintiffs to share tips with employees who do who customarily and regularly receive tips. Therefore, Defendant misappropriated Plaintiffs' and Class Members' tips, and Plaintiffs now bring this Collective Action.

4.      Plaintiffs bring a collective action to recover the unpaid wages and misappropriated tips owed to them and all other similarly situated employees, current and former. Members of the Collective Action are hereinafter referred to as "Class Members."

---

[1] *See* DOL Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) - http://www.dol.gov/whd/regs/compliance/whdfs15.pdf; *see also* 29 C.F.R. 531.52(Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool).

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Alexis Alex is an individual residing in Bexar County, Texas. Plaintiff's written consent was attached to the Original Complaint as "Exhibit A."

8. Plaintiff Nicolette Prieto is an individual residing in Bexar County, Texas. Plaintiff's written consent was attached to the Original Complaint as "Exhibit B."

9. The Class Members are Defendant's current and former exotic dancers who were employed by Defendant three years prior to the filing of this lawsuit to the present.

10. Defendant KHG of San Antonio, L.L.C. d/b/a Tiffany's Cabaret is a Texas limited liability company duly licensed to do business in the State of Texas and doing so for the purpose of accumulating monetary profit. This Defendant may be served process through its registered agent: Timothy K. Eidson, 9440 I.H. 10 West, San Antonio, Texas 78230.

## FLSA COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13.     Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

14.     At all material times, Plaintiffs and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

15.     Defendant operates a gentlemen's club at 8736 Wurzbach Road, San Antonio, Texas 78240 called Tiffany's Cabaret.

16.     Defendant employs hourly paid exotic dancers at its establishment.

17.     Plaintiffs Alexis Alex and Nicolette Prieto are currently employed as hourly paid exotic dancers at Tiffany's Cabaret.  Alexis Alex has worked at Defendant's establishment from approximately 2009 through the present.  Nicolette Prieto has worked at Defendant's establishment from approximately 2008 through the present.

18.     Defendant violated the FLSA by failing to compensate the Plaintiffs for all hours worked. That is, Plaintiffs work more than forty hours a week on average.  However, Defendant pays Plaintiffs for well below half of their hours worked and no pay at the premium hourly rate for overtime hours worked over forty in a workweek.  Consequently, Plaintiffs were wrongfully denied their minimum wage and overtime due to "off the clock" work required by Defendant.

19.     Further, Plaintiffs receive tips from Defendant's club patrons.  Defendant does not take a tip credit against Plaintiffs' hourly rate.  However, Defendant requires Plaintiffs to turn over their tips to other employees including but not limited to the "house mom," bouncer, DJ, and to the Defendant itself as a "house fee."  Defendant's tip pool is invalid as it requires Plaintiffs to share

tips with employees who do who customarily and regularly receive tips. Therefore, Defendant misappropriated Plaintiffs' tips in violation of the FLSA.

20. As a result of the aforementioned actions by Defendant, the Plaintiffs were not compensated at the federally mandated minimum wage and overtime rates. Furthermore, Defendant misappropriated Plaintiffs' tips.

21. Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal patterns and practices. Defendant's actions are not based on a good faith and reasonable belief that its conduct complies with the FLSA.

## FLSA MINIMUM WAGE VIOLATION

22. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

23. Defendant's practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

24. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant or the Plaintiffs.

## FLSA OVERTIME VIOLATION

25. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

26. Defendant's practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek at the required minimum overtime rate violates the FLSA. 29 U.S.C. § 207.

27.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiffs.

## FLSA MISAPPROPRIATION OF TIPS VIOLATION

28.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

29.     Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity.  Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA.  The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.  29 C.F.R. 531.52.

30.     None of the permitted uses under section 3(m) are applicable to the Defendant or the Plaintiffs.  Therefore, Defendant's misappropriation of Plaintiff's tips violates the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiffs have actual knowledge that Class Members have not been paid for all hours worked and were forced to share their tips with other employees who do not customarily and regularly receive tips such as the "house mom," bouncer, DJ, and to the Defendant itself as a "house fee."  Plaintiffs work with other exotic dancers at Tiffany's Cabaret.  These employees have reported that they were subject to the same illegal pay practices described above.  Such other employees have also expressed an interest in joining this lawsuit.

32. Other employees similarly situated to the Plaintiffs work or have worked for Defendant's gentlemen club, but have not received pay for all hours worked and/or have had their tips misappropriated by Defendant.

33. Plaintiffs and Class Members were denied pay at the at the federally mandated minimum wage and overtime rates.

34. The Class Members perform or have performed the same or similar work as the Plaintiffs.

35. Class Members regularly work or have worked in excess of forty hours during a workweek.

36. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

37. As such, Class Members are similar to the Plaintiffs in terms of job duties, pay structure, tip misappropriation, and the denial of overtime and minimum wage.

38. Defendant's failure to properly compensate its employees results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

39. The experiences of the Plaintiffs, with respect to their pay and tips, are typical of the experiences of the Class Members.

40. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

41. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate

42. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

43.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula.

44.     The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

45.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All current and former exotic dancers employed by Defendant at any time three years prior to the filing of this lawsuit to the present.**

## DAMAGES SOUGHT

46.     Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

47.     Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

48.     Plaintiffs and Class Members are also entitled to all of the misappropriated funds, including but not limited to their tips.

49.     Plaintiffs and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

50.     Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

51.     Plaintiffs and Class Members hereby demand trial by jury.

## PRAYER

52.     For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

8

*Civil Action No. 13-728*

a) Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b) All unpaid wages at the FLSA mandated minimum wage rate;

c) All misappropriated funds, including tips;

d) An equal amount as liquidated damages as allowed under the FLSA;

e) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

f) An order requiring Defendant to correct its pay practices going forward; and

g) Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Todd Slobin*
 TODD SLOBIN
 State Bar No. 24002953
 Federal ID No. 22701
 tslobin@eeoc.net
 RICARDO J. PRIETO
 State Bar No. 24062947
 Federal ID No. 1001658
 rprieto@eeoc.net
 11 Greenway Plaza, Suite 1515
 Houston, Texas 77046
 Telephone: (713) 621-2277
 Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS

9

*Civil Action No. 13-728*