**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS -**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **ALEXIS ALEX and NICOLETTE PRIETO,** **Individually and On Behalf of All Others** **Similarly Situated,** | |
| **Plaintiffs,** | **C.A. NO. 5:13-CV-00728-OLG** |
| **V.** | **JURY TRIAL DEMANDED** |
| **KHG OF SAN ANTONIO, L.L.C. D/B/A** **TIFFANY'S CABARET,** | |
| **Defendant.** | |

---

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

---

This case concerns an action under the Fair Labor Standards Act ("FLSA"). Plaintiffs are hourly paid exotic dancers at two of Defendant's Adult Entertainment Clubs - Tiffany's Cabaret and All Stars. Defendant violated the FLSA by failing to compensate the Plaintiffs for all hours worked. That is, Plaintiffs worked more than forty hours a week on average. However, Defendant paid Plaintiffs for well below half of their hours worked and no pay at the premium hourly rate for overtime hours worked over forty in a workweek.

Furthermore, Plaintiffs received tips from Defendant's customers. Defendant did not take a tip credit against Plaintiffs' hourly rate. However, Defendant required Plaintiffs and Class Members to share their tips with other employees including, but not limited to the "house mom," bouncer, DJ, and with the Defendant itself as a "house fee." The Department of Labor ("DOL") has made clear that "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit. The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer. For

example, even where a tipped employee receives at least $7.25 per hour in wages directly from the employer, the employee may not be required to turn over his or her tips to the employer."[1]  In other words, an employer can only require that an employee turnover its tips under two scenarios: (a) as a credit against its minimum wage obligations to the employee, or (b) in furtherance of a valid tip pool.  As mentioned above, Defendant did not take a tip credit against Plaintiffs' hourly wages.  Moreover, Defendant's tip pool was invalid as it required Plaintiffs to share tips with employees who do who customarily and regularly receive tips.  Therefore, Defendant misappropriated Plaintiffs' and Class Members' tips.  Therefore, on August 14, 2013, Plaintiffs filed this lawsuit alleging violations under the FLSA resulting from Defendant's illegal pay policy as described above.  (*See* Doc. No. 1 – Plaintiffs' Collective Action Complaint).

In its Answer, Defendant raised numerous defenses. (*See* Doc. No. 8; Pgs 1 and 2 - Listing Defendant's eight affirmative defenses).  However, Defendant failed to plead any facts to support said affirmative and other defenses.  Notably, as to its "good faith" affirmative defense, Defendant failed to plead any facts whatsoever to show it acted in good faith and with reasonable grounds for believing that its act or omission was not a violation of the FLSA.  Thus, Defendant's affirmative defenses do not meet the applicable pleading standards and should **ALL** be stricken pursuant to FRCP 12(f).

## LEGAL AUTHORITY & ARGUMENT

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "Affirmative defenses, like a complaint," must "afford the other party fair notice." *TracFone Wireless, Inc. v.*

---

[1]  *See* DOL Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) - http://www.dol.gov/whd/regs/compliance/whdfs15.pdf; *see also* 29 C.F.R. 531.52(Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool).

*KingTrading, Inc.*, 2008 WL 4826035, at *1 (N.D. Tex. Nov. 6, 2008). *See* also *Willins v. Credit Solutions of America, Inc.,* 2010 WL 624899 (N.D. Tex. Feb. 23, 2010). This requires pleading enough facts for the affirmative defense to meet *Twombly's* "plausibility" standard. *See*, e.g., *Moody v. Aqua Leisure Int'l*, 2011 WL 2604840, at *3 (S.D. Tex. June 30, 2011) ("the *Twombly* requirements also apply to affirmative defenses"); *Tracy ex rel. v. NVR, Inc.*, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) (collecting cases). Thus, the standard for striking an affirmative defense is the "mirror image" of the standard for dismissal for failure to state a claim. *See*, e.g., *Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, 2010 WL 2757523, at *2 (S.D. Tex. July 13, 2010); *Doe v. Roman Catholic Diocese of Galveston-Houston*, 2006 WL 2413721, at *2 (S.D. Tex. Aug 18, 2006) (citing cases). In determining whether a pleading is sufficient, "all facts pleaded … must be taken as true." *Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000).

However, "the tenet that a court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). It is the factual allegations that matter; mere labels and conclusions, or a formulaic recitation of the elements, are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An affirmative defense "must be dismissed for failure to state a claim if the [defendant] fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Crumbley v. Gannon*, 2008 WL 2894828, at *2 (S.D. Tex. July 22, 2008) (quoting *Twombly*, 550 U.S. at 570).

## DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

### 1. Defendant's Affirmative Defenses Contain No Factual Support.

Defendant has listed eight affirmative defenses and other miscellaneous defenses in its Answer. (*See* Doc. No. 8; Pgs 1 and 2 - Listing Defendant's eight affirmative defenses). These affirmative defenses are listed as short, nondescriptive allegations with no factual support

whatsoever.  In fact, the list appears to be nothing more than a page torn from a form book for affirmative defenses.  Defendant's list of defenses consists of miscellaneous vanilla affirmative defenses.  These affirmative defenses run the gamut of bald assertions of "unclean hands, statute of limitations, and set-off" to conclusory allegations such as "no willful violation took place" and "Defendant acted in good faith."   Defendant has pled no factual support for any of these defenses.  That is, Defendant has failed to allege any supportive facts to put the Plaintiffs on notice of its basis for alleging these defenses, and in some cases how its defenses apply in an FLSA lawsuit (i.e. set-off).

### 2. Bald assertions are insufficient.

Simply naming "broad affirmative defenses" does not satisfy the requirements of Rule 8. *See Woodfield*, 193 F.3d at 362.  "This method of pleading defenses is unacceptable and indeed was unacceptable well before *Iqbal* and *Twombly*." *In re Mission Bay Ski & Bike, Inc.*, 2009 WL 2913438, at*6 (Bkrtcy. N.D. Ill. Sept. 9, 2009).  Nonetheless, Defendant's answer is littered with factually unsupported bald assertions.  Because none of Defendant's affirmative defenses contain any factual basis whatsoever, they do not provide Plaintiffs with the fair notice required by Rule 8.  Without any factual assertions suggesting how or why Plaintiffs' FLSA claims are barred, Defendant's affirmative defenses fail to state a "plausible claim for relief."   Therefore, Defendant must provide some factual support for its affirmative defenses (or remove them from its pleading).

### 3. Defendant's Good Faith Defense Contains No Factual Support.

In its list of affirmative defenses, Defendant suggests its actions were undertaken in "good faith." (*See* Doc. No. 8; Pgs 1 and 2 - Listing Defendant's eight affirmative defenses). However, this is simply an attempt at a recitation of the elements of a "good faith" defense under the FLSA. *See*, e.g., 29 U.S.C. § 260 (employer may avoid liquidated damages by showing it

acted "in good faith and [with] reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA); *Singer v. City of Waco, Texas*, 324 F.3d 813, 823 (5th Cir. 2003). Such"[t]hreadbare recitals of the elements of [an affirmative defense], supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 quoting *Twombly*, 550 U.S. at 555. Even if Defendant was to have a valid good faith defense, it must know "the basis for [its] affirmative defenses that [it] relied on a regulation, order, ruling, approval, or interpretation of the Wage and Hour Division and that [it] acted in good faith." *Tran v. Thai*, 2010 WL 723633, at *2 (S.D. Tex. March 1, 2010) (striking good faith defense in an FLSA case). Nonetheless, Defendant does not identify any efforts it undertook to ascertain the FLSA's requirements. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir.1979) (good faith requires an investigation into the FLSA's requirements). Nor does Defendant state how it interpreted the FLSA or why its interpretation is reasonable. *Singer*, 324 F.3d at 823. In sum, Defendant's conclusory assertion of "good faith" is insufficient to make the claim plausible. *Tran*, 2010 WL 723633, at*2, *Iqbal*, 129 S.Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Defendant must provide some factual basis for its alleged "good faith."

## CONCLUSION

Defendant is required to plead in accordance with the standards set by the Supreme Court and the Fifth Circuit. For the foregoing reasons, Plaintiffs respectfully request that the Court strike all of Defendant's affirmative defenses (*See* Doc. No. 8; Pgs 1 and 2 - Listing Defendant's eight affirmative defenses) pursuant to Rule 12(f), and for all other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Martin A. Shellist*
    MARTIN A. SHELLIST
    Texas Bar No. 00786487
    RICARDO J. PRIETO
    Texas Bar No. 24062947
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEYS FOR PLAINTIFF &
    CLASS MEMBERS

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel conferred with Defense counsel regarding the matters in this motion, but the parties were unable to reach an agreement.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto

## CERTIFICATE OF SERVICE

I certify that this document was served on all parties via the Western District's CM/ECF system on December 5, 2013 to all counsel of record.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto