IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS -
SAN ANTONIO DIVISION

FILED
MAR 1 2 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| ALEXIS ALEX and NICOLETTE PRIETO, <br><br> Plaintiffs, <br><br> v. <br><br> KHG OF SAN ANTONIO, L.L.C. D/B/A TIFFANY'S CABARET, <br><br> Defendant. | Civil Case No. 5:13-CV-00728 |

Let this be filed.
Roger C. [Lamberth]
U.S.D.J.  3/12/15

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard the evidence, it becomes my duty to instruct you as to the law applicable to this case.

It is your duty as sworn jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence of the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given to you in these instructions from the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

This case should be considered and decided by you, as an action between persons of equal standing in the community, and holding the same or similar stations in life. In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case. The "evidence" includes the sworn testimony of the witnesses and exhibits admitted in the record.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. You may accept or reject the testimony of any witness in whole or in part.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the Plaintiffs' claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

Plaintiffs Alexis Alex and Nicolette Prieto filed this suit under the Fair Labor Standards Act (FLSA) and allege that Defendant failed to pay them the minimum wage and misappropriated their tips every shift. Under the FLSA, an employer must pay its employees the federally mandated minimum wage rate (i.e. $7.25/hr.) for every hour worked up to 40 in a workweek, and allow its employees to keep their tips, as that is the employees' property.

The Parties agree the FLSA covers Defendant's business establishment. As such, Plaintiffs are entitled to their minimum wage for all hours worked. The parties also agree that Plaintiffs were employees under the FLSA. As such, the Parties agree that Defendant was obligated under the law to pay Plaintiffs. The parties further agree that under the law Plaintiffs get to keep any "tips" they earned from club patrons.

The Court further instructs you that the table-side dance fees were tips paid to Plaintiffs, not a service charge as alleged by Tiffany's. As such, Tiffany's cannot take any credit or offset

against its obligations to pay Plaintiffs the full minimum wage (i.e. $7.25/hour) for all hours that Plaintiffs worked.

In an FLSA case such as this one, in order for Plaintiffs to prevail, they must prove by a preponderance of the evidence that they were not paid a minimum wage for all hours worked.

If you find that Plaintiffs have proved by a preponderance of the evidence the elements of their claim, then you must determine the amount of damages that Plaintiffs are entitled to recover. Of course, the fact that I will give you instructions concerning the issues of damages should not be interpreted in any way as an indication that I believe that any specific party should, or should not, prevail in this case.

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of minimum wages. Plaintiffs claim that the Defendant did not pay them the legally required minimum wage.

Plaintiffs must prove each of the following by a preponderance of the evidence:

1. That Defendant failed to pay Plaintiffs the minimum wage required by law ($7.25); and
2. That Plaintiffs suffered damages.

If you find that Plaintiffs proved by a preponderance of the evidence the elements of the claims, then your verdict must be for plaintiffs, and you must determine the damages that Plaintiffs are entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

The FLSA requires employers to make, keep and preserve records of an employee's hours. The employee has the burden of proving the hours worked for which he or she was not

properly compensated. When an employer's records are inaccurate or inadequate, the employee may satisfy the burden by proving he or she performed work that was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn to the employee's evidence.

You are further instructed that the requirement to pay the full statutory minimum wage cannot be waived by contract or agreement between employer and employee, nor may an employee's acceptance or acquiescence to improper payment of wages absolve an employer's obligation under the law to pay the required wages.

The statute of limitations for unpaid overtime under the FLSA is generally 2 years. The limitations period is extended to 3 years for willful violations. To prove willfulness and obtain the benefit of the 3 year limitations period, an employee must establish that the employer knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

If you find Defendant in this case to have violated the FLSA willfully, then Plaintiffs are entitled to damages they incurred starting from August 14, 2010 until the end of their employment in August 2013. If Defendant did not violate the FLSA willfully, but otherwise did violate the law, then Plaintiffs are entitled to damages incurred starting from August 14, 2011 until the end of their employment in August 2013.

The FLSA prohibits any arrangement between the employer and the employee whereby any part of the tips received becomes the property of the employer.

If the Plaintiffs have proven their claims against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled. You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that I believe that the Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiffs are entitled to recover money from the Defendant.

The measure of damages is the difference between what the employee should have been paid under the Fair Labor Standards Act and the amount that they were actually paid.

The Court has determined and hereby instructs you that the table-side dance fees that Tiffany's permitted Plaintiffs to keep cannot be used as a credit to or otherwise offset its wage obligations.

In considering the issue of the Plaintiffs' damages you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiffs' damages, no more, and no less. Damages also do not include sums for court costs or attorney fees.

The parties have agreed, or stipulated, that:

1. Plaintiffs were employed as exotic dancers at Tiffany's Cabaret.
2. Plaintiff Alexis Alex was employed by Tiffany's Cabaret from approximately 2009/2010 through August 2013.
3. Plaintiff Nicolette Prieto was employed by Tiffany's Cabaret from approximately March 2008 through August 2013.

       March 2008 through August 2013.

4. Defendant classified both Plaintiffs as W-2 employees.

5. Defendant did not take a tip credit against its minimum wage obligations.

6. The FLSA applies to Defendant.  FLSA coverage is not disputed.

Because the parties have agreed to the above, this means that all parties agree that the above are facts.  You must therefore treat these facts as having been proved.

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

In this case, the Plaintiffs must prove every essential part of their claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiffs' claims are more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiffs' claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Upon retiring to the jury room, you should select one of your number as your foreperson, who will preside over your deliberations and will speak for you here in the courtroom. Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room, and when you have reached an agreement as to your unanimous verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom, so that I can address you orally. I caution

you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at that time.

You may now proceed to the jury room to begin your deliberations.

_____  3/12/15
ROYCE C. LAMBERTH
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS -
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEXIS ALEX and NICOLETTE PRIETO,<br><br>Plaintiffs,<br><br>v.<br><br>KHG OF SAN ANTONIO, L.L.C. D/B/A TIFFANY'S CABARET,<br><br>Defendant. | Civil Case No. 5:13-CV-00728 |

## VERDICT OF THE JURY

### Jury Question No. 1

1(a): Has Plaintiff Alexis Alex proven that Defendant violated her rights under the FLSA by:

A. Failing to pay plaintiff her minimum wage?

    ANSWER: "Yes" or "No": _____

B. Misappropriating her tips?

    ANSWER: "Yes" or "No": _____

1(b): Has Plaintiff Nicolette Prieto proven that Defendant violated her rights under the FLSA by:

A. Failing to pay plaintiff her minimum wage?

    ANSWER: "Yes" or "No": _____

B. Misappropriating her tips?

    ANSWER: "Yes" or "No": _____

1

**If you answered "Yes" to any of the above in Question No. 1, then proceed to Question No. 2. Otherwise, stop.**

### Jury Question No. 2

2(a): Has Plaintiff Alexis Alex proven that Defendant either knew its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA?

    ANSWER: "Yes" or "No": _____

**If "Yes," you should award damages to Alexis Alex for the 3 year period from August 14, 2010 to August 14, 2013.**

**If "No," you should award damages to Alexis Alex for the 2 year period from August 14, 2011 to August 14, 2013.**

---

2(b): Has Plaintiff Nicolette Prieto proven that Defendant either knew its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA?

    ANSWER: "Yes" or "No": _____

**If "Yes," you should award damages to Nicolette Prieto for the 3 year period from August 14, 2010 to August 14, 2013.**

**If "No," you should award damages to Nicolette Prieto for the 2 year period from August 14, 2011 to August 14, 2013.**

### Jury Question No. 3

What amount of unpaid minimum wages, if any, do you find that:

(a) Plaintiff Alexis Alex is entitled to recover?

    ANSWER in dollars and cents: _____.

(b) Plaintiff Nicolette Prieto is entitled to recover?

    ANSWER in dollars and cents: _____.

### Jury Question No. 4

What amount of misappropriated tips, if any, do you find that:

(a) Plaintiff Alexis Alex is entitled to recover?

    ANSWER in dollars and cents: _____ .

(b) Plaintiff Nicolette Prieto is entitled to recover?

    ANSWER in dollars and cents: _____ .

What amount of house fees do you find that:

(a) Plaintiff Alexis Alex is entitled to recover?

    ANSWER in dollars and cents: _____ .

(b) Plaintiff Nicolette Prieto is entitled to recover?

    ANSWER in dollars and cents: _____ .

                                                SO SAY WE ALL.

                                                _____

                                                FOREPERSON

DATE: _____

3