UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |
|---|---|
| ALEXIS ALEX and<br>NICOLETTE PRIETO,<br><br>      Plaintiffs,<br><br>      v.<br><br>KHG OF SAN ANTONIO, LLC D/B/A<br>TIFFANY'S CABARET,<br><br>      Defendant. | Civ. Action No. 5:13-cv-0728(RCL) |

## MEMORANDUM OPINION

On April 16, 2015, this Court signed a Judgment on Jury Verdict in plaintiffs' favor. ECF No. 133. Pursuant to the Judgment, plaintiff Alexis Alex was awarded $121,923, and plaintiff Nicolette Prieto was awarded $130,016 – for a combined total of $251,939. *Id.* Now before the Court is plaintiffs' request for an award of $185,646 in attorneys' fees and $21,913.27 in costs.

### I. LEGAL STANDARD

A prevailing plaintiff is entitled to a reasonable award of attorneys' fees and costs under the FLSA. 29 U.S.C. § 216(b); *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 33-34 (D.D.C. 2010).

The Supreme Court has established a "strong presumption" that the lodestar figure represents a reasonable attorney's fee. *Perdue v. Kenney A.*, 559 U.S. 542, 553-54 (2010). The lodestar is calculated by multiplying the number of hours reasonably spent on the case by an

appropriate hourly rate in the community for such work. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

In *Perdue*, the Supreme Court contrasted the lodestar method with the method set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Johnson* listed twelve factors that a court should consider in determining a reasonable fee: (1) the time and labor required; (2) the novelty and difficult of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;[1] (7) time involved and the results obtained; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

The *Perdue* Court clearly indicated a preference for the lodestar method over the Fifth Circuit's factors, and the Fifth Circuit has subsequently treated the *Johnson* factors as a complement to the lodestar method. *See, e.g., Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 388 n.17 (5th Cir. 2013) ("There is a strong presumption that the lodestar amount is a reasonable fee, although a court may decrease or enhance it based on the factors established in *Johnson*."); *Black v. SettlePou P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) "[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson*."). However, a court may not adjust the award on the basis of any factor already accounted for in calculating the lodestar. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a Johnson factor,

---

[1] Although the parties ask the Court to consider it, the sixth factor was overruled in *Rutherford v. Harris Cty.*, 197 F.3d 173, 193 (5th Cir. 1999); *see also City of Burlington v. Dague*, 505 U.S. 557, 557 (1992).

however, if the creation of the lodestar already took that factor into account; to do so would be impermissible double counting."); *see also Perdue*, 559 U.S. at 553.

## II. ANALYSIS

Because it is conceded that the plaintiffs are prevailing parties entitled to a reasonable award of attorneys' fees pursuant to 29 U.S.C. § 216(b), the Court first turns to the lodestar in this case.

### A. Lodestar

1. Hourly Rate

The Court determines the reasonable hourly rate "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 894 (1984). Plaintiffs argue that the appropriate hourly rate in San Antonio for such work is $450 per hour for partners Robert Debes and Martin Shellist and $300 per hour for associate Rick Prieto. Pls.' Mot. 4.[2]

Mr. Debes has been in practice for approximately 26 years, largely working on FLSA wage and hour disputes. Decl. of Robert R. Debes, Jr., ECF No. 135-2 ("Debes Decl.") ¶ 3. He attests that his practice "is limited almost exclusively to the representation of 'tipped employees' or other hourly workers in the restaurant, bar, valet, hotel, and exotic dancer industries." *Id.* Indeed, he was lead counsel on another dancer case in the Western District of Texas, *Rafeedie v. LLC, Inc. d/b/a Perfect 10 Men's Club, et al.*, Civ. No. A-1O-CA-743.

Mr. Shellist has been engaged in the practice of labor and employment law since 1993, and has successfully argued many cases in the Fifth Circuit. *Id.* ¶ 6. His practice focuses on employment issues, contract disputes, wage and hour FLSA litigation, and related areas. *Id.*

---

[2] Plaintiffs also request $90 per hour for the work performed by their legal assistants. Because this amount is uncontested and the Court finds it reasonable, the Court accepts the rate of $90 per hour of work performed by legal assistants in this case.

3

Mr. Prieto has been in practice for about eight years, during which time he has handled a variety of employment and business-related disputes, with a focus on FLSA wage and hour cases. *Id.* ¶ 7.

Mr. Debes attests that in cases such as this, he and Mr. Shellist customarily bill clients at the hourly rate of $475 and Mr. Prieto customarily bills clients at the rate of $375. *Id.* ¶ 15, but provides no further evidence of this. Since it is clear that many, if not most, clients are represented in contingent fee cases, it is clear to the Court that plaintiffs' counsel do not have established billing rates of fee-paying clients at the rates they seek. Mr. Debes attests that other attorneys with similar expertise charge similar or higher rates for their time in similar cases. *Id.*[3] Nevertheless, plaintiffs request the Court to approve an hourly rate of $450 for Mr. Debes and Mr. Shellist and $300 for Mr. Prieto. In support of their request, they submit the declarations of Edmond S. Moreland, Jr., and John Griffin. Mr. Moreland has practiced labor and employment law in Texas for more than 17 years. ECF No. 135-12. It is Mr. Moreland's stated opinion that the requested hourly rates are reasonable given the attorneys' skills, expertise, and reputations, and cites a case in which Magistrate Judge Andrew W. Austin in this District awarded him $325 per hour in an FLSA collective action. *Id.* (citing *Ransom v. M. Patel Enters., Inc.*, 859 F. Supp. 2d 856, 859-62 (W.D. Tex. Austin Div.). Mr. Griffin, a practicing labor and employment attorney in Texas, believes that the rates are actually *below* what is reasonable in the San Antonio market given the attorneys' credentials and experience. ECF No. 135-13 at ¶ 14. Plaintiffs also provide the declaration of Mark W. Kiehne, supporting hourly rates of $650 to $750 in another case. ECF No. 135-10.[4]

---

[3] Mr. Debes relies also on the Laffey Matrix; however, the Laffey Matrix primarily applies to attorneys working on cases in the Washington, D.C. metro area and is inapplicable to this case..

[4] Plaintiffs also cite two cases in support of their proposed hourly rates, but neither is useful to the Court or particularly beneficial to plaintiffs. *Davis v. Perry* is a voting rights case rather than an FLSA case. 991 F. Supp. 2d 809 (W.D. Tex. 2014), *supplemented*, No. CIV. SA-11-CA-788, 2014 WL 172119 (W.D. Tex. Jan. 15, 2014) and *rev'd sub nom. Davis v. Abbott*, 781 F.3d 207 (5th Cir. 2015). While the *Davis* Court approved an hourly rate of up to $418 for some attorneys, the court found $252 and $324 were more appropriate hourly rates even for three highly experienced

4

Tiffany's submits the declarations of two labor and employment attorneys in San Antonio who question the reasonableness of the proposed rates. Michael L. Holland, who has approximately 27 years of experience, attests that his billing rate is between $300-325 per hour and that he is "unaware of any employment law attorneys with an hourly billing rate of $450-525 for partners and $300 for a seven year associate in the San Antonio area." ECF No. 138-1. Likewise, Natalie C. Rougeux—local counsel for defendants in this case with approximately 12 years of experience as a labor and employment attorney—attested that her hourly rate is $290 per hour. ECF No. 138-2 at ¶¶ 6-7. She also attested that a $450 hourly rate is "a high hourly rate" and "uncommon." *Id.* ¶ 7.

Confronted with this conflict of opinion, the Court turns to the State Bar of Texas Department of Research and Analysis Hourly Rate Report ("Rate Report"). Judges in the San Antonio Division regularly take judicial notice of the Rate Report. *See, e.g., Alvarez v. AMB-Trans Inc.*, No. SA-11-CV-179-XR, 2013 WL 789238, at *2 (W.D. Tex. Mar. 4, 2013) (noting that based on the Rate Report, the hourly rates submitted by counsel appeared to be higher than the customary fee for the San Antonio area); *Swiney v. Texas*, No. SA-06-CA-0941 FB NN, 2008 WL 2713756, at *5 (W.D. Tex. July 3, 2008) (noting that "[a] reasonable fee can be determined by examining the State Bar of Texas Hourly Rate Report" and using it to verify the reasonableness of the proposed fee amount). The Rate Report details attorney hourly rates by years in practice, location, and type of practice. The most current Rate Report was published in 2014 after a survey was conducted in the spring of 2014 to obtain information on hourly rates charged in 2013 by Texas attorneys.

---

attorneys. *Id.* at 847-48. The court in *Rivas v. Beaucop Crawfish of Eunice, Inc.*, Civ. No. 6:12-cv-02610, 2014 WL 5488390 (W.D. La. 2014), considered hourly rates not in San Antonio but in Lafayette—and the hourly rate sought was uncontested. *Id.* at *6.

5

According to the Rate Report, the median hourly rate for labor and employment lawyers in San Antonio was $269. The overall median hourly rate for attorneys in San Antonio with over 25 years of experience was $263. These rates are somewhat lower even than those proposed by defendants. For an attorney in San Antonio with seven to ten years of experience, the average median hourly rate is $199.

Upon consideration of the conflicting declarations submitted on this issue as well as the most recent Rate Report, the Court finds that a reasonable rate for attorneys Debes and Shellist is $325 per hour given their experience. This figure represents an increase over the Rate Report due in part to the age of the Report. Additionally, the Court finds that Mr. Debes and Mr. Shellist are highly skilled attorneys who performed exceptionally well in this case and should command an above-median rate in the community. This figure is also in line with the rates charged by Michael Holland, experienced labor attorney in the community whose declaration is submitted by defendants. For the same reasons, the Court further finds that a reasonable rate for Mr. Prieto is $250 per hour.

2. Number Of Hours

This case required a significant amount of work, including legal research, extensive discovery, numerous depositions, legal motions and pleadings—including summary judgment—various hearings and phone conferences, mediation, a jury trial, and more. Plaintiffs ask for a minimum of 122.6 hours for Mr. Debes' time, 323.8 hours for Mr. Prieto's time, and 72.8 hours for Mr. Shellist's time, for a total of 525.6 hours including time spent by legal assistants. Pls.' Mot. 4; Debes Decl. ¶ 10. They submit billing records in support of their request detailing how this time was spent. *See* Pls.' Mot. Ex. 2-D.[5]

---

[5] Tiffany's argues that the billing statements have not been properly authenticated by plaintiffs' counsel because Mr. Debes' declaration in support is insufficient. Tiffany's alleges (without support) that Mr. Debes was not involved in

Tiffany's disputes the number of hours appropriately billed in this case, alleging that the plaintiffs seek compensation for extraneous and unnecessary work. Specifically, it argues that plaintiffs should not be compensated for their efforts to potentially prosecute a collective action, their work on any motion or opposition brief in which they were unsuccessful, or their travel time between Houston and San Antonio. Finally, Tiffany's asserts that it was unnecessary for two attorneys to attend mediation.

The Court first considers the motions and oppositions that Tiffany's identifies as unreasonable and unsuccessful actions by plaintiffs' counsel. "[A] litigant 'who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage.'" *Air Transp. Ass'n of Canada v. FAA*, 156 F.3d 1329, 1335 (D.C. Cir. 1998) (quoting *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991)). Although applying state law, the Fifth Circuit has also held that "a party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim." *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003). "Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war." *Air Transp. Ass'n*, 156 F.3d at 1335 (quoting *Cabrales*, 935 F.2d at 1053).

Tiffany's points to several "frivolous or otherwise senseless" actions that should not be compensated, including: moving to strike defendant's answer [22], filing a "designation of experts" where it was not required [17], prosecuting a motion to compel discovery [81, 83, 85], responding to defendant's motion to compel discovery [79], and responding to defendant's motion

---

the case until March 3, 2015 and therefore cannot have personal knowledge of the firm's billing. Def.'s Opp'n 6. However, Mr. Debes—in addition to being a partner at his law firm fully capable of personally attesting to such facts—attests that he was involved in the case from the beginning, although he did not bill for his time. Debes Decl. ¶ 9; ECF No. 139-1 ("Debes Suppl. Decl.") ¶ 4. Furthermore, Mr. Prieto has now submitted his own declaration asserting that the submitted billing records are true and correct, explaining how they were kept, who prepared them, and when they were prepared. ECF No. 139-2. The Court is confident any lingering questions regarding the authenticity or reliability of the billing records have been satisfied by plaintiffs' counsel.

7

to continue the trial date [87-89]. The Court does not find these actions frivolous. On the contrary, such actions are typical in a case like this one. Counsel should not avoid zealously advocating for their clients because they fear their actions may not be fully compensated, and the Court does not wish to incentivize over-caution. Plaintiffs' counsel undoubtedly won a huge success for their clients and the Court declines to second-guess each strategic action undertaken with the benefit of hindsight.

Additionally, Tiffany's argues that plaintiffs' should not be compensated for their work pursuing a collective action because plaintiffs never moved for collective action certification. Def.'s Opp'n 10. Tiffany's finds it "unclear" why it was asked to respond to class-wide discovery, including a request to provide a list of all exotic dancers who performed at Tiffany's Cabaret for the three-year period preceding the filing of the complaint. However, the identity of other dancers is highly relevant to plaintiffs' case, and Tiffany's does not explain what other discovery was unnecessary. It is not clear to the Court why plaintiffs' prosecution "as if it was a putative class action" generally resulted in more hours worked. However, the Court does find it inappropriate to compensate plaintiffs' counsel for work on their motions to amend the complaint after the deadline in order to add additional parties. Even a favorable outcome on those motions likely would not have benefited the prevailing plaintiffs in this case. The Court thus will reduce Mr. Prieto's request 4 hours and Mr. Shellist's by 1.3 hours.

Tiffany's challenges the request for fees for both Mr. Shellist and Mr. Prieto to attend a mediation with Tiffany's in San Antonio on May 5, 2014. The Court finds it reasonable that the mid-level associate who performed the bulk of the work in this case would attend the mediation with a partner at his firm, and that both attorneys would bill for their time.

Finally, Tiffany's challenges plaintiffs' decision to charge their respective hourly rates for time spent traveling to San Antonio from Houston. Another Texas District Court thoroughly considered Fifth Circuit law on awarding fees for travel time under the Fair Labor Standards Act ("FLSA"):

> The Fifth Circuit has not addressed whether travel time may properly be awarded as part of attorneys' fees under The FLSA. But courts in the Fifth Circuit have held in other contexts that a court has discretion to reduce hours billed to travel time in calculating a fee award. *See In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008) (evaluating Fifth Circuit precedent from various types of cases and concluding as a general rule that "it is not an abuse of discretion to discount non-working (and even working) travel time"); *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (in a Voting Rights Act case, affirming the district court's decision to discount the hourly rate billed for travel time); *Bd. of Supervisors of La. State Univ. v. Smack Apparel*, No. 04-1593, 2009 WL 927996, at *6 (E.D. La. Apr. 2, 2009) ("[T]ravel time ... in the Fifth Circuit is usually compensated at 50% of actual time."); *cf. Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008) (in FLSA case, affirming compensation of travel time at half-rate, "in accordance with established [Second Circuit] custom").

*Hilton v. Exec. Self Storage Assocs., Inc.*, Civ. A. No. H-06-2744, 2009 WL 1750121, at *12 (S.D. Tex. June 18, 2009). It is unclear from the billing records whether any work was done while in transit, though it was plaintiffs' burden to demonstrate as much. On that basis and in consideration of the cases cited above, the Court will reduce plaintiffs' travel time by approximately half. The Court will reduce the hours as follows: 12 hours for Mr. Prieto, 2 hours for Mr. Shellist, and 4 hours for Mr. Debes.

Tiffany's asserts that some time entries do not reflect the identity of the person that performed the task in question. The Court assumes Tiffany's refers to the entries reflecting 6.40 hours of work that denote "SLS" in lieu of an attorney's name. However, "SLS" appears to denote legal assistants. Those entries describe administrative tasks, and plaintiffs request exactly 6.4 hours of work for legal assistants Carrier and Cavanaugh. The Court finds this practice acceptable.

Tiffany's stretches credulity by suggesting that "draft[ing] and finaliz[ing]" the complaint is non-legal, clerical work. Def.'s Opp'n at 12 (disputing the August 13, 2013 entry, among others, as being clerical work). Also disputed are a variety of clerical tasks, which *were* completed by legal assistants, according to the billing records. *See* Pls.' Ex. 2-D (entries by SLS on August 14, 2013; September 16, 2013; December 5, 2013; December 19-20, 2013; January 8, 2014; January 13, 2014; February 20, 2014; March 28, 2014; August 8, 2014; February 25-26, 2015; and March 2, 2015). If anything, Tiffany's argument demonstrates the care with which plaintiffs distinguished between clerical and non-clerical work.

Finally, Tiffany's argues that the billing statements are "replete with what appears to duplicative work," though it fails to identify such work or provide any explanation regarding such duplication. However, "[g]eneral allegations that fail to quantify how much duplicative time has been submitted are insufficient" and the Court cannot identify any duplicative time. *Rosenfeld v. Dep't of Justice*, 904 F. Supp. 2d 988, 1005 ("Mere generalized allegations of unjustified billing not supported by specific citations to evidence in the record are insufficient to warrant a reduction in the lodestar figure.").

Tiffany's' insistence on fighting plaintiffs tooth and nail in this litigation and in this fee motion-- including the almost incredulous arguments just addressed—leaves the Court unsympathetic to its argument that plaintiffs spent too much time preparing their fee application. Regardless, 21.6 hours is a reasonable amount of time to spend on a fee application. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, Civ. A. No. H-07-2349, 2008 WL 5140045, at *7 (S.D. Tex. Dec. 8, 2008) (approving 30 hours for the preparation of a fee application in an FLSA case).

3. Lodestar Total

For the foregoing reasons, the Court finds the appropriate lodestar in this case is as follows:

|  | Hours Requested | Hours Deducted | Total Reasonable Hours | Reasonable Hourly Rate | Lodestar (Hours x Rate) |
|---|---|---|---|---|---|
| Robert Debes | 127.6 | 4 | 123.6 | $325 | $40,170 |
| Martin Shellist | 72.8 | 3.3 | 69.5 | $325 | $22,587.50 |
| Ricardo Prieto | 323.8 | 16 | 307.8 | $250 | $76,950 |
| Legal Assistants | 6.4 | 0 | 6.4 | $90 | $576 |
| Total |  |  |  |  | $140,283.50 |

**B. Johnson Factors**

The Court now turns to the *Johnson* factors to determine whether a departure from the lodestar figure is appropriate in this case. The Court considered many of the *Johnson* factors in setting the lodestar, including the time and labor required, the experience and abilities of the attorneys, and the customary fee. It would be inappropriate to consider them again in determining whether a departure from the lodestar is appropriate. *See Perdue*, 559 U.S. at 553; *Black*, 732 F.3d at 502. While plaintiffs consider each of the *Johnson* factors, they do not explicitly request an upward adjustment on that basis.

The Court finds no need to depart from the lodestar figure due to the novelty or difficulty of the questions presented in this case or the skill required to perform services properly. While the Court does not condone Tiffany's' poor record-keeping which undoubtedly necessitated more work to prove plaintiffs' case, counsel is already being compensated for the extra time spent. And though plaintiffs claim this is one of few exotic dancer cases, the actual type of industry seems less

11

relevant than the type of case. Wage and tip cases are not uncommon, as evident in plaintiffs' counsel's declarations. Although the Court agrees that this case was somewhat sensitive given jurors' potential bias against the adult entertainment industry, it is confident that such concerns were easily alleviated during a thorough voir dire. At the end of the day, this case involved a brief trial in a wage and tip case—and not a terribly complex one at that, given that the parties agreed on how employees were to be classified and the case never matured into a class action. Indeed, most of the work in this case was performed by an attorney with only seven years of experience. There is no need to depart from the lodestar on this basis.

Nor is it appropriate to depart from the lodestar figure because plaintiffs were precluded from other employment opportunities due to their acceptance of this case. Plaintiffs essentially argue that the case required a lot of work. However, the amount of work required was reasonably predictable from the outset, plaintiffs' counsel are being compensated for all of their work in this case, and there is no evidence that plaintiffs' counsel were forced to forego other work due to this case.

The Court does not depart from the lodestar figure due to any time limitations imposed by the clients or circumstances. Simply put, this case presents no unusual issues of timing. Nor is an adjustment appropriate because of the nature and length of the professional relationship with the client, which seems typical. The Court also finds the lodestar amount appropriate in light of the stakes in this case as well as the results obtained for plaintiffs.

Although some aspects of this case may make it less desirable than others, such as the fact there were only two plaintiffs and that it involved confronting potential bias against the adult entertainment industry, the Court finds that such cases are generally desirable. Indeed, plaintiffs'

counsel surely agree, as they solicit such cases and highlight to the Court their substantial experience with this type of litigation.

Finally, although the Court would have enthusiastically considered awards in similar cases, had the parties made such arguments, it was not presented with such evidence. Nonetheless, the Court has no reason to believe that this award is inconsistent with those in other similar cases in San Antonio.

After considering all of the *Johnson* factors, the Court finds it inappropriate and unnecessary to depart from the lodestar amount. Plaintiffs will be awarded as follows: $40,170 for Mr. Debes' work, $22,587.50 for Mr. Shellist's work, $79,950 for Mr. Prieto's work, and $576 for the work performed by legal assistants.

### C. Costs

Plaintiffs also request $21,913.27 in costs. Pls.' Mot. at 4. Rule 54(d) of the Federal Rules of Civil Procedure states that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Indeed, the Fifth Circuit strongly presumes that costs will be awarded to a prevailing party. See *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006) (citing *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992)). In general, federal courts may award only those costs itemized in 28 U.S.C. § 1920, unless there is explicit statutory or contractual authorization to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45; *see also Mota v. Univ. of Tex. Hou. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Section 1920 provides that the court may tax as costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court

13

>  appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.*

Texas District Courts have also determined that costs are also appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee. "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Hilton v. Exec. Self Storage Assocs.*, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (citing *Quintanilla v. A&R Demolition Inc.*, 2007 WL 5166849, at *9 (S.D. Tex. May 7, 2007).

The Court has broad discretion in determining an appropriate award of costs. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). The Court is to give "careful scrutiny" to the items proposed by the prevailing party. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964)). The Court is free to decline to award costs where the expenses are not deemed to have been "reasonably necessary" to the litigation. *See, e.g., Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257–58 (5th Cir. 1997).

Plaintiffs seek an award of costs for counsels' travel, meals, lodging, photocopying, computer legal research, postage, courier service, mediation, and exhibits. *See* Pls.' Ex. 2. Because Tiffany's does not dispute the request for costs, and because the request appears reasonable upon the Court's independent review, plaintiffs will be awarded $21,913.27 in costs.

### III. CONCLUSION

For the aforementioned reasons, plaintiffs' motion for attorney's fees will be as follows:

14

- Robert Debes: 123.6 hours at $325 per hour = $40,170

- Martin Shellist: 69.5 hours at $325 per hour= $22,587.50

- Ricardo Prieto: 307.8 hours at $250 per hour= $76,950

- Legal Assistants: 6.4 hours at $90 per hour= $576

The defendant shall pay costs in the total amount of $21,913.27.

The total amount awarded to plaintiffs' counsel will be $162,196.77.

A separate order consistent with this Opinion shall issue on this 28th day of August, 2015.

_____
The Honorable Royce C. Lamberth
U.S. District Court Judge